IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONTRACTOR TECHNOLOGY, LTD., | § | CASE NO. 05-37623-H1-7 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | | |
| RONALD J. SOMMERS, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No._____ |
| | § | |
| HIRSCHFELD STEEL CO., INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Ronald J. Sommers, chapter 7 trustee of the Estate of Contractor Technology, Ltd. (the "Trustee"), files this Complaint against Hirschfeld Steel Co., Inc. ("Hirschfeld") to recover a preferential transfer under 11 U.S.C. § 547.

### PARTIES AND JURISDICTION

1. The Trustee is the duly appointed chapter 7 trustee in this case. The Trustee may be served with pleadings and process in this adversary proceeding through his undersigned counsel.

2. Hirschfeld is a Texas corporation with its principal place of business in San Angelo, Texas. Hirschfeld will be served with the summons and this Complaint through its registered agent, David Hirschfeld, 112 West 29th St., San Angelo, TX 76903. A courtesy copy of the Complaint will be sent to Hirschfeld's attorney, John Paul Stanford, Quilling, Selander, Cummiskey & Lownds, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (b)(2)(O).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Relief is sought pursuant to 11 U.S.C. §§ 547 and 550.

### SUMMARY OF THIS ADVERSARY PROCEEDING

6. In the 90 days prior to the commencement of this bankruptcy case, the Debtor made a preferential payment to Hirschfeld in the amount of $378,648.00. The Trustee seeks to recover the payment pursuant to 11 U.S.C. § 547.

### STATEMENT OF FACTS

7. Contractor Technology, Ltd. (the "Debtor") filed a voluntary chapter 11 case on May 13, 2005 [Docket No. 1]. By Order entered June 23, 2005, the Court converted the case to a chapter 7 [Docket No. 151]. The Trustee is the duly appointed chapter 7 trustee in the case.

8. During the ninety days prior to the petition date, Hirschfeld received the following payment from the Debtor:

| Check No. | Check Date | Clear Date | Amount |
|---|---|---|---|
| 511 | 4/10/05 | 5/05/05 | $378,648.00 |

A copy of the check is attached hereto as **Exhibit 1**.

9. On June 14, 2006, the Trustee sent a letter to Hirschfeld demanding the return of the preferential payment. Hirschfeld has failed to return the payment.

## RECOVERY OF PREFERENTIAL TRANSFERS

10. The payment to Hirschfeld is avoidable as a preferential transfer under 11 U.S.C. § 547. An avoidable preferential transfer is a transfer made (i) within 90 days; (ii) on account of an antecedent debt; (iii) to or for the benefit of a creditor; (iv) made while the debtor was insolvent; and (v) that enables the creditor to receive more than it would have been paid in a chapter 7 bankruptcy.

11. The payment was a transfer of an interest in property of the Debtor. The payment occurred within 90 days of the petition date for amounts owed to Hirschfeld for pre-petition invoices. The Debtor is presumed to be insolvent within the 90 days preceding the case (11 U.S.C. § 547(f)) and was, in fact, insolvent at the time of the payment. The payment would allow Hirschfeld to receive more than it would in a chapter 7 case.

12. Under § 550(a) of the Code, the Trustee may recover the payment from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a). Hirschfeld is both the initial transferee and the entity that benefited from the preferential transfer. Consequently, the Trustee is entitled to avoid the payment and recover the sum of $378,648.00 plus pre- and post-judgment interest from Hirschfeld.

## PRAYER

Accordingly, the Trustee requests:

- A money judgment against Hirschfeld in the amount of $378,648.00;
- Pre- and Post-judgment interest on all damages awarded hereunder; and
- Such other and further relief as is just.

Dated: February 19, 2007.

                    Respectfully submitted,

                    **Porter & Hedges, L.L.P.**

By: _____
      David R. Jones
      State Bar No. 00786001/S.D. Tex. No. 16082
      Blake E. Rizzo
      State Bar No. 24034073/S.D. Tex. No. 29684
      1000 Main Street, 36th Floor
      Houston, Texas 77002
      (713) 226-6000
      (713) 228-1331 (fax)
      **Special Counsel for the Trustee**



**EXHIBIT 1**